*NOT FOR PUBLICATION*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ROBERT L. HAYES, JR.,

Plaintiff,

v.

EDMOND C. CICCHI,

Defendant.

Civil Action No. 13-3706 (PGS)

**OPINION**

RECEIVED
OCT 18 2013
AT 8:30_____M
WILLIAM T. WALSH
CLERK

**APPEARANCES:**

**ROBERT L. HAYES, JR.**, Plaintiff pro se
#111763
Middlesex County Adult Correction Center
P.O. Box 266
New Brunswick, N.J. 08903

**SHERIDAN**, District Judge

Plaintiff Robert L. Hayes, Jr. ("Plaintiff"), a pre-trial detainee currently being held at Middlesex County Adult Correction Center in New Brunswick, New Jersey at the time of filing, seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint should be dismissed at this time.

## I. BACKGROUND

Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendant Edmond Cicchi, The following factual allegations are taken from the complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff alleges that on May 30, 2013, he went to the medical department in the Middlesex County Adult Correction Center for a problem with his ear. He was informed by the medical staff that the "infection" on his ear is a "keyloid" and the removal of said "keyloid" is considered plastic surgery, which they do not perform at the jail. Plaintiff argues that he should receive treatment for any medical problem that occurs while he is incarcerated. Plaintiff is seeking five hundred thousand dollars in damages for his pain and suffering.

## II. DISCUSSION

### A. Legal Standard

### 1. Standards for a *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

2. **Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**B. Analysis**

At the outset, Plaintiff has named the warden of the prison as the sole defendant. However, supervisors are not liable under § 1983 solely on a theory of respondeat superior. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 n. 8 (1985); *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 690–91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583–84 (3d Cir. 2003). "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted). *Accord Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1293–96 (3d Cir. 1997); *Baker v. Monroe Twp.*, 50 F.3d 1186, 1190–91 (3d Cir. 1995). Plaintiff has alleged no facts to indicate that Defendant Cicchi was in any way involved with the medical care Plaintiff received at the jail.

Even if Plaintiff had named proper defendants, his complaint would still be dismissed. As a pre-trial detainee at the time of the incidents, Plaintiff retains liberty interests firmly grounded in the Due Process Clause of the Fourteenth Amendment. *See Hubbard v. Taylor*, 399 F.3d 150 (3d Cir. 2005); *Fuentes v. Wagner*, 206 F.3d 335, 341 (3d Cir. 2000). In order to state a Fourteenth

Amendment claim of inadequate medical attention upon which relief may be granted, a plaintiff must allege that a defendant acted with deliberate indifference to his serious medical needs. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 243–44, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983). *See also Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003) (noting that a pretrial detainee is not entitled to Eighth Amendment protections, but nevertheless a pretrial detainee's claim of inadequate medical care is evaluated under the same standard as a convicted prisoner's Eighth Amendment claim of inadequate medical care); *Jackson v. City of Philadelphia*, 2013 WL 363463, at *3 (3d Cir. Jan. 31, 2013) ("[a pretrial detainee is] technically protected by the Fifth and Fourteenth Amendments, not the Cruel and Unusual Punishment Clause of the Eighth Amendment...However, in this case, that is a distinction without a difference, as the Fourteenth Amendment provides at least as much protection as the Eighth Amendment") (citations omitted).

An inmate's disagreement with medical professionals "as to the proper medical treatment" does not support an Eighth Amendment violation. *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987). Likewise, a claim that a doctor or medical practitioner was negligent does not rise to the level of an Eighth Amendment violation. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Accordingly, a "medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice." *Estelle*, 429 U.S. at 107. Analogously, a medical practitioner's disagreement with another medical practitioner's professional judgment or with the inmate's self-diagnosis or the inmate's opinion as to the needed treatment is not actionable. *See White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990).

Based on the allegations in the complaint, Plaintiff was seen by the prison medical staff in a prompt manner and informed that surgery for his condition would be cosmetic, which the prison

does not perform. There are no allegations to support a claim for violation of Plaintiff's constitutional rights. Rather, it appears that Plaintiff merely disagrees with the medical staff's diagnosis, which is not a cognizable claim.

## III. CONCLUSION

For the reasons stated above, the complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1). However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint.[2] Plaintiff's request for appointment of pro bono counsel is dismissed as moot. An appropriate order follows.

Dated:

                                        PETER G. SHERIDAN
                                        United States District Judge

---

[2] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed.1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*